# Exhibit A



## Notice of Service of Process

**RXT / ALL**
**Transmittal Number: 16693481**
**Date Processed: 05/26/2017**

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Cassandra Struble<br>Kevin Jones<br>Joshua Schonauer |

| | |
|---|---|
| **Entity:** | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| **Entity Served:** | Nationwide General Insurance Company |
| **Title of Action:** | Martin Garcia and Ana Garcia vs. Nationwide General Insurance Company and Michael Lawler |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2017C108061 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/26/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Mostyn Law<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

PRIVATE PROCESS

Case Number: 2017-CI-08061

2017CI08061 S00001

**DELIVERED MAY 2 6 2017**

**MARTIN GARCIA ETAL**

**VS.**

**NATIONWIDE GENERAL INSURANCE COMPANY ETA**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

**DELIVERED MAY 2 6 2017**

"THE STATE OF TEXAS"

Directed To: NATIONWIDE GENERAL INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION was filed on the 3rd day of May, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 15TH DAY OF MAY A.D., 2017.

RENE M SIGMAN
ATTORNEY FOR PLAINTIFF
3810 W ALABAMA ST
HOUSTON, TX 77027-5204



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Krystal Gonzalez*, Deputy

---

MARTIN GARCIA ETAL
VS
NATIONWIDE GENERAL INSURANCE COMPANY ETA

**Officer's Return**

Case Number: 2017-CI-08061
Court: 166th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By : _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____

Declarant

ORIGINAL (DK002)

FILED
5/3/2017 11:46:52 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

Case 5:17-cv-00545-DAE   Document 1-1   Filed 06/19/17   Page 4 of 23

2citpps-sac1 w/jd

## 2017CI08061

CAUSE NO. _____

| | | |
|---|---|---|
| MARTIN GARCIA AND ANA GARCIA, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| v. | § § | BEXAR COUNTY, TEXAS |
| NATIONWIDE GENERAL INSURANCE COMPANY AND MICHAEL LAWLER, | § § § § | **166th** |
| *Defendants.* | § | \_\_\_\_\_ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Martin Garcia and Ana Ruth Garcia ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of Nationwide General Insurance Company ("Nationwide") and Michael Lawler ("Lawler") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.   Plaintiffs Martin Garcia and Ana Ruth Garcia are individuals residing in Bexar County, Texas.

3.   Defendant Nationwide is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.   Defendant Michael Lawler is an individual residing in and domiciled in the State of Alabama. This defendant may be served with personal process by a process server at his place of residence at 4439 Coach Drive, Trussville, Alabama 35173.

## JURISDICTION

5.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $100,000 but not more than $200,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.   The Court has jurisdiction over Defendant Nationwide because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.   The Court has jurisdiction over Defendant Lawler because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.   Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.  Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Nationwide.

10. Plaintiffs own the insured property, which is specifically located at 7143 Valewood View, San Antonio, Texas 78240, in Bexar County (hereinafter referred to as "the Property").

11. Nationwide sold the Policy insuring the Property to Plaintiffs.

12. On or about April 12, 2016, a hail storm and/or windstorm struck Bexar County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence. Specifically, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm. After the storm, Plaintiffs filed a claim with their insurance company, Nationwide, for the damages to their home caused by the hail storm and/or windstorm.

13. Plaintiffs submitted a claim to Nationwide against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

14. Plaintiffs asked that Nationwide cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the gutters, siding and interior water damages to the Property, pursuant to the Policy.

15. Defendant Nationwide assigned Defendant Lawler as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a

thorough investigation of Plaintiffs' claim.  On or about September 17, 2016, Lawler conducted a substandard inspection of Plaintiffs' home.  He spent an insufficient amount of time inspecting the entire Property to scope damages, and failed to thoroughly inspect all of the damages to both the interior and exterior of the Property.  Specifically, Defendant Lawler spent only about forty (40) minutes on his inspection of the entire Property, including the time it took to get onto the roof and scope the damages. Furthermore, Lawler failed to conduct a thorough inspection of the interior thereby ignoring many of the properly covered Storm damages which eventually led to an underpayment of the claim.  Defendant Lawler's inadequate inspection is further evidenced by his September 17, 2016, estimate report, which failed to provide a fair and accurate assessment of Plaintiffs' damages which were actually included in his inspection, such as damage to the roof and windows.  Moreover, the damages that Lawler did include in his report were grossly undervalued, in part because he both underestimated and undervalued the cost of materials required for necessary repairs, incorrectly applied materials sales tax, and failed to include adequate compensation for contractor's overhead and profit.  Further, Lawler denied payment for several items reported by Plaintiffs to be damaged.  For these items, Lawler provided Plaintiffs with no explanation for why coverage was not being extended under Plaintiffs' Policy.  In his report, for example, Defendant Lawler failed to include and allow compensation for the hail storm and/or windstorm damages to the exterior siding, fence, dining room, and living room.

16.    Although Lawler was aware of Plaintiffs' reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiffs' claim without conducting a

thorough and reasonable inspection of Plaintiffs' damages.   Ultimately, Defendant Lawler determined that the damages were either not covered under the Policy and/or valued the damages below the applicable Policy deductible; thus, to date, Plaintiffs have yet to receive the full payment to which they are entitled.

17.   Defendant Nationwide, along with other Nationwide personnel, failed to thoroughly review and properly oversee the work of Defendant Lawler, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim.  Further, Defendants misrepresented that some of Plaintiffs' damages were not covered under the Policy, when the losses, in fact, were properly covered damages.   Simply stated, Nationwide underpaid Plaintiffs' claim without performing a reasonable investigation. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and have suffered further damages.

18.   Together, Defendants Nationwide and Lawler set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home.  The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

19.   As detailed in the paragraphs below, Nationwide wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those

suffered by Plaintiffs. Furthermore, Nationwide underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

20. To date, Nationwide continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

21. Defendant Nationwide failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Nationwide's conduct constitutes a breach of the insurance contract between Nationwide and Plaintiffs.

22. Defendants Nationwide and Lawler misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Nationwide's and Lawler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

23. Defendants Nationwide and Lawler failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Nationwide's and Lawler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

24. Defendants Nationwide and Lawler failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Nationwide and Lawler failed to offer Plaintiffs adequate compensation, without any explanation why full payment was

not being made.  Furthermore, Defendants Nationwide and Lawler did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendants Nationwide's and Lawler's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

25.   Defendants Nationwide and Lawler failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Nationwide and Lawler.  Defendants Nationwide's and Lawler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

26.   Defendants Nationwide and Lawler refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Nationwide and Lawler failed to conduct a reasonable investigation.  Specifically, Defendants Nationwide and Lawler performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Defendants Nationwide's and Lawler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

27.   Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs'

claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

28.     Defendant Nationwide failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

29.     Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

30.     From and after the time Plaintiffs' claim was presented to Defendant Nationwide, the liability of Nationwide to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Nationwide has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing.

31.     Defendants Nationwide and Lawler knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

32.     As a result of Defendants Nationwide's and Lawler's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

33. Plaintiffs' experience is not an isolated case. The acts and omissions Nationwide committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Nationwide with regard to handling these types of claims. Nationwide's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT LAWLER
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

34. Defendant Nationwide assigned Defendant Lawler to adjust the claim. Defendant Lawler was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During his investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages. The adjuster also omitted covered damages from his report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

35. Defendant Lawler's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36. Defendant Lawler is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Nationwide, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance,

including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).    (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

37.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Lawler's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Lawler's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

38.    Defendant Lawler's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

39.   Defendant Lawler failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.   Specifically, Defendant Lawler failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim.   The unfair settlement practice of Defendant Lawler as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

40.   Defendant Lawler's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(4).

41.   Defendant Lawler did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to Nationwide.   Defendant Lawler's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

42.    Plaintiffs are not making any claims for relief under federal law.

### FRAUD

43.    Defendants Nationwide and Lawler are liable to Plaintiffs for common law fraud.

44.    Each and every one of the representations, as described above, concerned material facts
for the reason that absent such representations, Plaintiffs would not have acted as they
did, and which Defendants Nationwide and Lawler knew were false or made recklessly
without any knowledge of their truth as a positive assertion.

45.    The statements were made with the intention that they should be acted upon by Plaintiffs,
who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer
injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

46.    Defendants Nationwide and Lawler are liable to Plaintiffs for conspiracy to commit
fraud.  Defendants Nationwide and Lawler were members of a combination of two or
more persons whose object was to accomplish an unlawful purpose or a lawful purpose
by unlawful means.  In reaching a meeting of the minds regarding the course of action to
be taken against Plaintiffs, Defendants Nationwide and Lawler committed an unlawful,
overt act to further the object or course of action.   Plaintiffs suffered injury as a
proximate result.

### CAUSES OF ACTION AGAINST NATIONWIDE ONLY

47.    Defendant Nationwide is liable to Plaintiffs for intentional breach of contract, as well as
intentional violations of the Texas Insurance Code, and intentional breach of the common
law duty of good faith and fair dealing.

## BREACH OF CONTRACT

48.     Defendant Nationwide's conduct constitutes a breach of the insurance contract made between Nationwide and Plaintiffs.

49.     Defendant Nationwide's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50.     Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

51.     Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

52.     Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

53.     Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the

claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54.    Defendant Nationwide's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

55.    Defendant Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

56.    Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

57.    Defendant Nationwide's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

58.    Defendant Nationwide's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

59.   Defendant Nationwide's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

60.   As referenced and described above, and further conduct throughout this litigation and lawsuit, Lawler is an agent of Nationwide based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

61.   Separately, and/or in the alternative, as referenced and described above, Nationwide ratified the actions and conduct of Lawler including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

62.   Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

63.   Defendant Nationwide's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Nationwide knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

64.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

65.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

66.   As previously mentioned, the damages caused by the April 12, 2016, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.   These damages are a direct result of Defendant Nationwide's and Lawler's mishandling of Plaintiffs' claim in violation of the laws set forth above.

67.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

68.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

69.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

70.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

71.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

72.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

73.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Bexar County, Texas.   Plaintiffs hereby tender the appropriate jury fee.

### WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

74.     *Plaintiffs' Request for Disclosure to Defendant Nationwide General Insurance Company* is attached as "Exhibit A."   *Plaintiffs' Request for Disclosure to Defendant Michael Lawler* is attached as "Exhibit A-1."

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all

costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

**"EXHIBIT A"**

CAUSE NO._____

| | | |
|---|---|---|
| MARTIN GARCIA AND ANA | § | IN THE DISTRICT COURT OF |
| GARCIA, | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| NATIONWIDE GENERAL | § | |
| INSURANCE COMPANY AND | § | |
| MICHAEL LAWLER, | § | |
|     *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY

TO:    DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY, by and through its Registered Agent: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Nationwide General Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

  */s/ René M. Sigman*_____
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

**"EXHIBIT A-1"**

**CAUSE NO.** _____

| | | |
|---|---|---|
| **MARTIN GARCIA AND ANA** | § | **IN THE DISTRICT COURT OF** |
| **GARCIA,** | § | |
|     *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **NATIONWIDE GENERAL** | § | |
| **INSURANCE COMPANY AND** | § | |
| **MICHAEL LAWLER,** | § | |
|     *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT
MICHAEL LAWLER**

TO:    DEFENDANT MICHAEL LAWLER, at 4439 Coach Drive, Trussville, Alabama 35173.

       Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Michael Lawler (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

       Respectfully submitted,

       **MOSTYN LAW**


       */s/ René M. Sigman* _____
       René M. Sigman
       State Bar No. 24037492
       rmsdocketefile@mostynlaw.com
       3810 West Alabama Street
       Houston, Texas 77027
       (713) 714-0000 (Office)
       (713) 714-1111 (Facsimile)

       **ATTORNEY FOR PLAINTIFFS**